GULIELMA ZOLLINGER, Appellee, v. D. L. CLARK, Appellant.

**COURTS:** Rule of Decisions—Decision of Same Court. A holding in one action that plaintiff was not entitled, as against the city, to certain alleys, because the city had accepted the alleys, and because the plea of adverse possession was not available to the plaintiff, is necessarily determinative of a subsequent action between said plaintiff and an adjoining property owner, wherein each was seeking to quiet his alleged title to the same alleys as against the other.

*Appeal from Jasper District Court.*—HON. HENRY SILWOLD, Judge.

SATURDAY, NOVEMBER 27, 1915.

SUIT in equity to establish plaintiff's right to certain alleys abutting upon her property and to quiet her title thereto. The defendant denied the right of the plaintiff to said alleys and averred his own right thereto and, by way of a cross bill, prayed that his title thereto be quieted. There was a decree for the plaintiff, establishing and quieting her title to said alleys. The defendant has appealed.—*Modified* and *Affirmed.*

*C. O. McLain* and *Tim J. Campbell,* for appellee.

*J. E. Cross* and *O. P. Myers,* for appellant.

EVANS, J.—The alleys in controversy lie between the respective real properties of plaintiff and defendant. Each party claims title by adverse possession. The alleys were laid out and dedicated in the original platting, but have been included for many years, in whole or in part, within the inclosures of the parties to the suit. The parties to the suit live upon the same block. The block contains four lots, Numbers 1, 2, 3, and 4.

COURTS: rule of decisions: decision of same court.

In the original platting, these lots were all separated by alleys. The following is a reproduction of the original platting of the block:

The title to all the alleys was involved in the recent case of *Gulielma Zollinger v. City of Newton*, 172 Iowa 352. In that action, the plaintiff asserted her right to said alleys as against the city. Her claim was sustained as to the alleys between Lots 1 and 2 and between Lots 2 and 3. As to the other two alleys, our holding was adverse to her. These are the alleys which are involved in the present suit.

Our holding in the cited case was that the evidence of acceptance of these alleys by the city was sufficient and that the plea of adverse possession was not available to the plain-

tiff. The claim of the defendant Clark to such alleys as against the city has no better support than that of the plaintiff, and our holding in the cited case must be deemed determinative of this case. Indeed, the defendant concedes that, if the city is entitled to them as against the plaintiff, it is also entitled to them as against himself. This will necessitate the dismissal of plaintiff's petition and of defendant's cross-petition. The decree entered below will be modified accordingly. The costs in both courts will be taxed one-half to each party.— *Modified* and *Affirmed.*

DEEMER, C. J., WEAVER and PRESTON, JJ., concur.